**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FREDA EXUM,

     Plaintiff,

v.                          CASE NO: 8:26-cv-00438

CITY OF ST. PETERSBURG,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FREDA EXUM, (hereinafter "Ms. Exum" or "Plaintiff") by and through the undersigned counsel, sues Defendant, CITY OF ST. PETERSBURG (hereinafter "St. Pete" or "Defendant") and alleges in support:

## JURISDICTION AND VENUE

1. This is an action for damages arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et al.* ("Title VII"), and the Florida Civil Rights Act of 1992, Chapter 760.10, Florida Statutes ("FCRA") for discrimination based on race, color, and retaliation for engaging in a protected activity.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 USC § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Pinellas County, which is located within the Middle District of Florida.

1

## PARTIES

4.      Plaintiff, FREDA EXUM, is an African American female who resides in Pinellas County, Florida, located in the Middle District of Florida.

5.      At all times material, Defendant, CITY OF ST. PETERSBURG, has been organized and in existence within Pinellas County, Florida, located within the Middle District of Florida.

6.      At all times material, Defendant, CITY OF ST. PETERSBURG, operated the Billing & Collections Department in St. Petersburg, in Pinellas County, Florida.

7.      At all times material, Plaintiff was an employee of Defendant, CITY OF ST. PETERSBURG.

8.      At all times material hereto, Defendant, CITY OF ST. PETERSBURG, employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

## ADMINISTRATIVE PREREQUISITES

9.      Plaintiff has satisfied all conditions precedent to filing her Title VII claims in that she filed a charge of discrimination with the EEOC on October 27, 2025 (Charge No. 511-2026-00311) and received a Notice of Right to Sue on November 20, 2025.

## GENERAL ALLEGATIONS

10.      Freda Exum is a seventy-year-old African American female.

11.     On December 16, 1985, the City of St. Petersburg hired Ms. Exum as a Call Center Representative for the Billing & Collections Department.

12.     During her employment with Defendant, Ms. Exum worked in several positions within the Billing & Collections Department.

13.     On July 11, 2011, Respondent promoted Ms. Exum to a Customer Service Supervisor.

14.     Ms. Exum excelled in her position and never received any write-ups or disciplinary actions.

15.     On July 18, 2025, Candice Winter (Director of the Billings & Collections Department – Black female) demoted Ms. Exum from Customer Service Supervisor to Customer Service II, effective July 28, 2025.

16.     As part of this demotion, Defendant reduced Ms. Exum's annual salary from $77,105.60 to $67,891.20.

17.     Defendant also demoted several other employees, but salary reductions occurred only for African American employees.

18.     For instance, African American employees including Christina Clark, and Joshua Chisolm were demoted with both title changes and pay cuts, while Caucasian employees such as Thomas Kinkle and Janice Lowe were demoted in title only, without any reduction in pay.

19.     On July 18, 2025, Ms. Exum complained about her demotion and salary reduction to Ms. Winter, Dave Flinton (Manager – White male), and Charles

Alexander (HR employee – Black male). However, Defendant did nothing to address Ms. Exum's complaint.

20.    Ms. Exum is still currently employed with the City of St. Petersburg.

21.    Ms. Exum has incurred attorney's fees and costs in bringing this lawsuit.

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
### FOR RACE AND COLOR DISCRIMINATION

22.    Plaintiff, FREDA EXUM, re-alleges and incorporates by reference the allegations set forth in paragraph one (1) through twenty-one (21) as if set forth fully herein.

23.    Defendant is a municipality and is an "employer" within the meaning of Title VII.

24.    Ms. Exum is an "employee" of Defendant within the meaning of Title VII.

25.    Ms. Exum is a member of a protected class because of her race and color and therefore is protected from discrimination by Title VII.

26.    Ms. Exum was qualified to perform her job duties.

27.    Ms. Exum was subject to disparate treatment by Defendant because of her race and color.

28.    Defendant discriminated against Ms. Exum by demoting her from her position of Customer Service Supervisor to Customer Service II and reducing her annual salary from $77,105.60 to $67,891.20.

29.    Defendant discriminated against Ms. Exum and other African American employees by demoting them with both title changes and pay cuts. Meanwhile Caucasian employees, such as Thomas Kinkle and Janice Lowe were demoted in title only, without any reduction in pay.

30.    Defendant is liable for the discrimination alleged herein.

31.    Defendant's actions in discriminating against Ms. Exum because of her race and color were done with malice or reckless indifference to her right to be free from discrimination under Title VII.

32.    As a direct and proximate result of Defendant's acts, Ms. Exum has suffered loss of privileges and benefits and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to her professional reputation. Ms. Exum has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Ms. Exum respectfully invokes the remedial powers of this Court, as provided in Title VII, and prays for a judgment:

A.    Preliminarily and permanently enjoining and restraining Defendant from engaging in acts of discrimination against Ms. Exum;

B.    Back pay;

C.    Front pay;

D.    Compensatory damages against Defendant;

E.    Prejudgment interest;

F.    Damages for all employment benefits she would have received but for the

discriminatory acts and practices of Defendant;

G.    Attorney's fees and costs; and

H.    Any further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 17th day of February, 2026.

Respectfully submitted by:

*/s/ Gary L. Printy, Jr., Esq.*
Gary L. Printy, Jr.
Florida Bar No. 41956
The Printy Law Firm
5407 N Florida Avenue
Tampa, Florida 33604
Telephone: (813) 434-0649
Facsimile: (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
*Lead Attorney for Plaintiff*